IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:07cv648-WHA |
| | ) | (CR. NO. 1:06cr170-WHA) |
| | ) | |
| AMY LYNN REDD LOLLEY | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. Procedural History**

On July 11, 2006, the petitioner, Amy Lynn Redd Lolley ("Lolley") and ten co-defendants, were indicted in the Middle District of Alabama on various violations of the Controlled Substances Act. The indictment was superseded on August 15, 2006 and September 7, 2006. On January 4, 2007, Lolley entered a negotiated plea of guilty to conspiracy, Count I of the indictment, and she was subsequently convicted of one count of conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846 and 841(a)(1). On April 17, 2007, the court sentenced her to 24 months imprisonment and five years supervised release. Lolley did not file a direct appeal.

In this 28 U.S.C. § 2255 case filed on July 17, 2007, Lolley challenges a two-point "gun enhancement" to her sentence because she "did not have any involvement with the guns even though they were found on the property..." (Doc. # 3 at 1).

In its response, the United States contends that Lolley's claim is barred from review because she waived her right to challenge in a post-conviction proceeding, her sentence with respect to the specific claim upon which she now seeks relief. (Doc. # 9 at 5-6). Alternatively, the government argues that Lolley's claim is procedurally defaulted and without merit. (*Id.* at 6-10). Lolley was afforded an opportunity to but did not reply to the United States' response. After due consideration and upon review of the motion and the pleadings filed in the case, the court has determined that an evidentiary hearing is not required and, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the petitioner's motion should be denied.

## II. Discussion

The petitioner entered into a plea agreement that "expressly waive[d] the right to appeal the conviction and sentence on any other ground and waive[d] the right to attack the sentence in any post-conviction proceeding." (United States' Resp., Ex. D, Doc. # 9 at 6). It is dispositive in this case that in the plea agreement Lolley "expressly waive[d] any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence." (*Id.*).

On January 4, 2007, Lolley entered her plea of guilty pursuant to the written agreement. During the plea colloquy, Lolley was advised that by pleading guilty pursuant to the plea agreement, she was waiving, with two exceptions not applicable here,[1] any right

---

[1] The waiver did not "include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct." (United States' Resp., Ex. D. Doc. # 9 at 6).

2

to attack her sentence.

    THE COURT:    Miss Lolley, under the terms of this plea agreement you are giving up your right to appeal any sentence imposed on you with certain exceptions. Those exceptions are ineffective assistance of counsel, prosecutorial misconduct, or in the event that the Government decides to appeal, you would then have the right to appeal. But other than those three instances you will not have the right to appeal or otherwise attack any sentence imposed on you. Do you understand that?

    A:    Yes, sir.

(United States' Resp., Ex. E, Doc. # 9 at 7-8)

A defendant's knowing and voluntary waiver of the right to appeal and to file collateral actions challenging her sentence is enforceable. *United States v. Bushert,* 997 F.2d 1343, 1350 (11th Cir. 1993). During the plea colloquy, Lolley was expressly advised and she stated that she understood she was giving up her right to appeal or file a post-conviction challenge to her sentence. *See* United States' Resp., Ex. E, Doc. # 9 at 7-8. At the plea colloquy, the court found that Lolley was competent to enter a plea and that she knowingly and voluntarily entered the plea.

    THE COURT:    Miss Lolley, the Court finds that you are fully competent and capable of entering an informed plea, that you are aware of the nature of the charges and the consequences of your plea. I further find that your plea of guilty is a knowing and voluntary plea, supported by an independent basis in fact containing each of the essential elements of the offense. Your plea to count one is therefore accepted, and you are now adjudged guilty of

that offense.

(United States' Resp., Ex. E, Doc. # 9 at 11).

There is no assertion in the pleadings or other evidence in the record to suggest that Lolley's waiver was anything but voluntary and knowing as expressly stated in the plea agreement. She does not allege that the plea agreement was improper, that counsel was ineffective in plea negotiations or that counsel unduly influenced her. She does not assert that her plea was unknowing or involuntary. Because Lolley choose to voluntarily and knowingly enter into the plea agreement, her waiver of her right to appeal and waiver of her right to challenge her sentence in a collateral action, including the pending § 2255 motion, is enforceable. *Bushert,* 997 F.2d at 1350-51. The United States has raised the petitioner's waiver as a bar to the pending motion. Therefore, the court deems it proper to refrain from reviewing Lolley's claims on the merits. *Id.*

### III. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by petitioner Lolley be denied. It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **March 24, 2008.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised

that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of March, 2008.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE